## PHELPS v. SIEGFRIED.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF CALIFORNIA.

No. 655. Submitted January 7, 1892. — Decided January 11, 1892.

Invoices of merchandise entitled to free entry were required, in August, 1889, to conform to the requirements of sections 2853, 2854, 2855 and 2860 of the Revised Statutes.

*United States* v. *Mosby*, 133 U. S. 273, affirmed and applied.

This action was brought against the collector of customs at the port of San Francisco, to recover the value of ten packages of tea imported by the plaintiffs in August, 1889.

The complaint averred that the merchandise in question was entitled to free entry, but that, although plaintiffs had done everything the law required of them, the defendant, as collector of the port of San Francisco, had refused to allow entry of the said merchandise or to deliver the same to the plaintiffs except on the condition that plaintiffs should deliver to defendant a consular invoice from the United States consul at Yokohama, Japan, declaring the cost or value of said merchan-

dise in Japan, or should give a bond in $100 conditioned for the delivery of such an invoice within a prescribed time. The complaint averred that there was no warrant of law. for this action of the collector.

The defendant demurred to the complaint, but the court overruled the demurrer. The defendant thereupon said that the facts in the case were fully set forth in the complaint, and that he could not answer further, whereupon judgment was entered for plaintiff, as prayed for in his complaint. This writ of error was sued out to review that judgment.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. John S. Mosby* for defendants in error.

The plaintiff in error relies on the case of *United States* v. *Mosby,* 133 U. S. 273, as decisive of this. It is admitted that that case is an authority in point. It is respectfully submitted that there was error in the judgment of the court on that question, and that it should be overruled. The decision in that case seems to have been based on a construction of sections 2853, 2854, 2855 and 2860, Rev. Stat., without reference to other sections that explain them. When all the provisions on the subject of consular invoices are read together as a whole, it is clear that they were never intended to apply to free importations; they are in fact repugnant to such a construction.

In *United States* v. *Mosby* the court says: "In addition to this, it is entirely clear that the question of determining whether goods to be shipped will, when imported into the United States, be free from duty is a question which could not be left to the determination of a consul." With all due respect it seems to be a *non sequitur* to say that a consul determines that imports are free of duty in a case where he is not called on to perform any official duty in regard to them. As the consul never hears of a shipment where he certifies no invoice, it is hard to see how it is left to him to determine whether the goods are free or dutiable, or where his judgment comes in.

THE CHIEF JUSTICE: The judgment is reversed and cause remanded, with a direction to sustain the demurrer and to dismiss the action, upon the authority of *United States* v. *Mosby*, 133 U. S. 273.

*Reversed.*