[Civil No. 819.   Filed March 26, 1904.]
[76 Pac. 473.]

# SIX PARCELS OF PLACER GOLD, Defendant and Appellant, v. UNITED STATES OF AMERICA, Plaintiff and Appellee.   JOSE SAN VICENTE, Claimant.

1. REVENUE LAWS—MERCHANDISE DEFINED—PLACER GOLD—REV. STATS. U. S., SEC. 2766 (U. S. COMP. STATS. 1901, p. 1861), CONSTRUED.— The definition of the word "merchandise" given in the statute, *supra*,—"The word merchandise, as used in this title, may include goods, wares, and chattels of every description capable of being imported,"—is sufficiently broad to include placer gold.

2. SAME—FORFEITURE OF GOODS—PETITION—SUFFICIENCY—REV. STATS. U. S., SEC. 2851 ET SEQ. (U. S. COMP. STATS. 1901, p. 1901), AND 1 SUPP. REV. STATS. U. S., p. 745 ET SEQ., CITED.—Under the statutes, *supra*, providing that all merchandise imported into the country must be invoiced, which invoice shall be produced to the consul, and requiring that a declaration shall be filed with the collector of the port at the time of entry, an information for the forfeiture of goods imported into the country without authority of law, alleging that goods were imported without being invoiced or entered with any collector of customs, and without declaration to the proper revenue officer, and that some person fraudulently brought into the country from a foreign country goods which should have been invoiced, declared, and entered according to the law, with intent to defraud the government, is sufficient.

3. SAME—NON-DUTIABLE GOODS—MUST BE INVOICED—REV. STATS. U. S., PAR. 2851, CONSTRUED.—The statute, *supra*, providing a fee of two dollars and fifty cents "for every verification of an invoice and certificate before a consul or commercial agent," applies to non-dutiable as well as to dutiable goods.

4. SAME—IMPORTATION OF NON-DUTIABLE GOODS WITHOUT INVOICING AND PAYMENT OF FEES—FRAUDULENT—REV. STATS. U. S., SEC. 2851 (U. S. COMP. STATS. 1901, P. 1901), CITED.—Under the statute, *supra*, providing that consuls shall be entitled to a fee of two dollars and fifty cents for every verification of an invoice and certificate, the fee belongs to the United States, and the importation of non-dutiable goods without being invoiced or entered, and without declaration being made, is an act injurious to the government and fraudulent.

5. SAME—SAME—LIABILITY—FORFEITURE—FRAUDULENT INTENT—IMMATERIAL—ACT CONGRESS JUNE 22, 1874, c. 391, PAR. 16, 18 STATS. 189, AND ACT CONGRESS JUNE 10, 1890, c. 407, SEC. 29, 26 STATS. 141 (U. S. COMP. STATS. 1901, p. 1897), CONSTRUED.—The act of

June 10, 1890, *supra*, having repealed the act of June 22, 1874, *supra*, which provided that in all actions to declare the forfeiture of merchandise by reason of a violation of the revenue laws, the court should submit the question whether the acts were done with intent to defraud the government, to the jury the intent of the person violating the revenue laws is immaterial.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellant.

"A court will not impose a forfeiture by implication, and an importer who enters goods free that are dutiable is liable, but the goods are not forfeitable." *An Ullage Box of Sugar*, 1 Ware (350) 355, Fed. Cas. No. 14324; *Cargo of Lady Essex*, 39 Fed. 765; *United States* v. *Coquitlam*, 57 Fed. 706; *United States* v. *Four Packages*, 97 U. S. 404, 24 L. Ed. 1031.

A forfeiture is imposed only for fraud or misconduct. *Bank of United States* v. *Deveaux*, Fed. Cas. No. 916.

The act of June 22, 1874, (secs. 16, 18, U. S. Stats. at Large, p. 189,) makes the finding of an intent to defraud a prerequisite for the forfeiture of goods. *United States* v. *Ninety Demijohns Aguadiente*, Fed. Cas. No. 15887.

The court holds in *United States* v. *Three Trunks*, 8 Fed. 485, 7 Saw. 364, that the question of fraud is a question to submit to the jury, and in this case the court refused to submit that question to the jury, holding that if the goods were imported without a consular invoice, the jury must find for the plaintiff, without any regard to the question of fraud or intent, or whether there was in fact any fraud committed. See, also, *Friedenstein* v. *United States*, 125 U. S. 224, 8 Sup. Ct. 838, 31 L. Ed. 736.

Under section 16 of the act of 1874, it was held that the government must show affirmatively an act or intent to defraud. *United States* v. *Three Trunks*, 8 Fed. 583, 7 Saw. 364; *The Purissima Concepcion*, 24 Fed. 358.

In proceedings for the forfeiture of smuggled goods, it must be shown that such goods were actually smuggled before the government will be entitled to a forfeiture, and the question

of an intent to defraud is for the jury. *Origet* v. *United States,* 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743; *Friedenstein* v. *United States,* 125 U. S. 224, 8 Sup. Ct. 838, 31 L. Ed. 736; *United States* v. *A Lot of Jewelry,* 59 Fed. 684; *United States* v. *One Oil Painting,* 31 Fed. 881.

Frederick S. Nave, United States Attorney, and John H. Campbell, Assistant United States Attorney, for Appellee.

The definition by statute of merchandise is so broad as to include placer gold. Rev. Stats. U. S. 2766.

Merchandise cannot be lawfully imported into the United States, (1) without invoicing the same and obtaining the certificate of some consul, vice-consul, or commercial agent of the United States to such invoice, and (2) without entering the same by formal declaration at a port of entry of United States at the office of the collector of customs, and (3) without the production there of said certified invoice as aforesaid, or, in certain circumstances, the giving of bond for the production of such invoice. Act June 10, 1890, 1 Supp. Rev. Stats. U. S. 745; *United States* v. *Mosby,* 133 U. S. 273, 10 Sup. Ct. 327, 33 L. Ed. 625.

The foregoing prohibition applies in full force to the importation of non-dutiable merchandise. *United States* v. *Mosby, supra; Phelps* v. *Siegfried,* 142 U. S. 602, 12 Sup. Ct. 391, 35 L. Ed. 1128.

The fees collected by consular officers for certifying invoices of merchandise about to be imported into the United States are part of the revenue of the United States. Rev. Stats. U. S., sec. 2851; *United States* v. *Mosby, supra.*

That the actual intent of the importer of merchandise shall be to defraud the revenue of the United States is not an element of an unlawful importation. Rev. Stats. U. S., sec. 3082; *Friedenstein* v. *United States,* 125 U. S. 224, 8 Sup. Ct. 845, 31 L. Ed. 736; *United States* v. *A Lot of Jewelry,* 59 Fed. 684.

Whether or not there was an intention to defraud the revenue of the United States, merchandise unlawfully imported into the United States is forfeitable. *United States* v. *A Lot of Jewelry, supra; Friedenstein* v. *United States, supra; Von Cotzhausen* v. *Nazro,* 107 U. S. 215, 2 Sup. Ct.

503, 27 L. Ed. 540; *Lewey* v. *United States,* 15 Blatchf. 1, Fed. Cas. No. 8309.

DOAN, J.—In this case a customs officer of the government found the claimant, after his arrival within the United States, having in his possession six parcels of placer gold. This gold the officer seized and delivered to the collector of customs of the United States for the district of Arizona, at Nogales, who held the same in his custody as forfeited to the United States. The claimant demanded the gold, as the owner thereof, from the collector of customs, which demand was refused. Thereupon the government commenced proceedings by information to have the said gold forfeited on the ground that it had been imported from Mexico contrary to law, and that it was liable to seizure and forfeiture. The claimant filed a demurrer and answer to the information, and alleged that he was the owner of the said six parcels of gold, and made claim to the same. After a general demurrer the claimant demurred specially to the information upon the ground "that said information does not state facts sufficient to authorize the court to grant the relief prayed for, because, (1) said petition does not state that the United States was in any manner injured or defrauded out of any revenue or customs duties; (2) for the reason that said six parcels of placer gold were not dutiable goods, and parties have the right to import the same without the payment of any duties whatsoever, and the United States is not injured or defrauded by the failure to declare the same, as alleged." The demurrers were overruled by the court, to which ruling the claimant excepted, and the cause proceeded to trial before a jury upon the answer of the claimant, in which he denied any intention to defraud the government of the United States in any way or at all, and alleged that the said goods were seized and taken from him in the territory of Arizona, in the United States, and that the same were at the time of the seizure aforesaid lawfully in his possession, and denied that the said goods, or any part thereof, were ever imported from a foreign country into the United States. After hearing the evidence on the issues of fact raised in the answer, and receiving the instructions of the court, the jury returned a verdict in favor of the government, whereupon the court rendered judgment declar-

ing the gold forfeited to the United States of America, and ordering its disposal in accordance with the revenue and customs laws of the United States in such cases made and provided. To the instructions as given by the court, counsel for claimant then and there excepted; and to the refusal of the court to give the instructions requested by claimant, said counsel also excepted. From the judgment of the court and the denial of the motion for a new trial, the claimant appealed.

The claimant does not appear to rely upon the general demurrer or his denial of the importation of the goods, but contends that, the goods not being dutiable, the government was not defrauded of its revenue, and for that reason the goods cannot be forfeited to the government under our revenue laws. There are some twenty-six assignments of error, based upon the overruling of the demurrers, the admission of evidence, the several instructions given either in the charge of the court or on motion of the government, the refusal of the several different instructions requested by the claimant, and the denial of the motion for a new trial. These are all, however, directed to the liability to forfeiture of non-dutiable goods, and the case, as a whole, presents fairly, fully, and only the one question whether non-dutiable goods can be forfeited for entry in violation of the statutes providing for their importation. To this the counsel have addressed themselves in their brief, and this we consider the controlling legal issue in the case.

The first assignment of error presents this question, the decision of which determines the entire case of the appellant. It reads: "The court erred in overruling the demurrer to the libel for the reason that the petition does not state facts sufficient to constitute a cause of action. It does not state that the United States was in any manner injured or defrauded out of any revenue or customs duties. The six parcels of placer gold were not dutiable goods. Parties have a right to import gold without the payment of duties, and the government is not injured or defrauded by the failure to declare the same as alleged." The allegations of the information attacked by this demurrer alleged that the goods seized were "fraudulently and clandestinely imported and brought into the said United States from the republic of Mexico . . . contrary to law; that is to say, without the

same being invoiced or entry thereof being made with any collector of customs of the said United States, and without declaration thereof being made to any proper revenue officer of the said United States—contrary to the statute in such cases made and provided. And for that some person . . . before the time of said seizure . . . did fraudulently and knowingly import and clandestinely bring into the said United States from the republic of Mexico the said placer gold, the same being then and there goods and merchandise which should have been invoiced, declared, and entered according to law, and without invoice, declaration, or entry of the same, and with the intent to defraud the said United States, contrary to the form of the statute in such cases made and provided. Wherefore, by reason of the premises, and by force of the statute aforesaid, it became and is forfeited to the said United States.'' The statute under which the proceeding was had provides: ''Sec. 3082 [Rev. Stats. U. S. (U. S. Comp. Stats. 1901, p. 2014)]. If any person shall fraudulently or knowingly import or bring into the United States . . . any merchandise, contrary to law, . . . such merchandise shall be forfeited . . .'' The definition of the word ''merchandise'' given in section 2766 of the Revised Statutes of the United States [U. S. Comp. Stats. 1901, p. 1861]—''The word merchandise, as used in this title, may include goods, wares and chattels of every description capable of being imported'' —is sufficiently broad to include placer gold. The law contrary to which the importation of any merchandise subjects it to forfeiture provides that all merchandise imported into the United States must be invoiced, and that such invoices shall be produced to the consul, vice-consul, or commercial agent of the United States, and that, whenever merchandise imported into the United States is entered by invoice, a declaration shall be filed with the collector of the port at the time of entry by the owner, importer, assignee, or agent. Rev. Stats. U. S., sec. 2851 et seq. [U. S. Comp. Stats. 1901, p. 1901]; 1 Supp. Rev. Stats. U. S., p. 745 et seq. The allegations of the information were sufficient to charge noncompliance with, and thereby the violation of, the revenue law above cited, and the demurrer was properly overruled.

It is conceded that the six parcels of placer gold were not dutiable goods, and that parties have a right to import the

same without the payment of duty; but the further statement, both in the demurrer and in the assignment of error, that the government is not injured or defrauded by the failure to declare the same, as alleged, does not necessarily follow, and is not correct.   Paragraph 2851 of the Revised Statutes of the United States provides: ''For every verification of an invoice and certificate before a consul or commercial agent, such consul or commercial agent shall be entitled to demand and receive from the person making the same, a fee of two dollars and fifty cents.'' This is a provision of the law in general terms, from which non-dutiable goods are not excepted.   The law relative to invoices and declarations plainly states that all merchandise imported into the United States must be invoiced, and that, whenever merchandise imported into the United States is entered by invoice, a declaration shall be filed with the collector of the port at which the entry is made, and that, for every verification of an invoice and certificate before a consul or commercial agent, such consul or commercial agent shall be entitled to demand and receive a fee. That the law contemplates this invoice and declaration in the case of non-dutiable as well as dutiable goods is evidenced by the provisions of section 4 of the act of June 10, 1890, c. 407, 26 Stats. 131, 1 Supp. Rev. Stats. U. S., p. 745 [U. S. Comp. Stats. 1901, p. 1889], which provides that the secretary of the treasury may make regulations by which books, magazines, and other periodicals published and imported in successive parts, numbers, or volumes, and entitled to be entered free of duty, shall require but one declaration for the entire series.   The mention of this special ruling in regard to one class of non-dutiable goods shows conclusively that the effect of this law on non-dutiable goods was not overlooked at the time of the congressional legislation, but that the invoice and declaration were intended to be made for non-dutiable as well as dutiable goods. · In conformity with this construction of the law, the United States supreme court held in the case of *United States* v. *Mosby,* 133 U. S. 273, 10 Sup. Ct. 327, 33 L. Ed. 625, that there can be no entry of non-dutiable goods without a properly certified invoice, and that, as required by the consular regulations, ''all invoices of importations from countries in which there are 'consular officers' must, before the shipment of the merchandise, be

produced to and authenticated by the United States consular officer nearest the place of shipment for the United States." In reference to this provision of the law, Mr. Justice Blatchford, in the opinion, further said: "It is entirely clear that the question of determining whether goods to be shipped will, when imported into the United States, be free from duty, is a question which cannot be left to the determination of a consul. It often involves intricate points of fact and of law, and must be as wholly cognizable by the proper officers and tribunals of the United States appointed for the purpose, as the question of the proper rate of duty on dutiable goods" —and therefore held that the fees received by the consul, collector, or agent of the United States for the verification of such invoices and certificates are for official services, and belong to the United States. To the same effect, *Phelps* v. *Siegfried,* 142 U. S. 602, 12 Sup. Ct. 391, 35 L. Ed. 1128. This being the case, the importation of non-dutiable goods without invoicing the same and obtaining the certificate of such consular agent, and without entering the same by formal declaration at a port of entry at the office of the collector of customs, is not only contrary to law, but does injure and defraud the government to the extent of the fees for the verifications and certificates required in such cases by the revenue laws.

The claimant asked the court to instruct the jury that, before forfeiture could be made, it must be determined that the said gold was imported into the United States with the intent to defraud the United States, and excepted to the refusal of the court to so instruct. In this the claimant relied upon paragraph 16 of the act of June 22, 1874, c. 391, 18 Stats. 189, which makes it the duty of the court, in all actions to declare the forfeiture of any goods, wares, or merchandise by reason of any violation of the revenue laws, to submit to the jury, as a distinct and separate proposition, whether the alleged acts were done with intent to defraud the United States, and to require upon such proposition a special finding by such jury, and provides that in such cases, unless intent to defraud shall be so found, no forfeiture shall be imposed. This provision is cited with approval by the supreme court of the United States in *Friedenstein* v. *United States,* 125 U. S. 224, 8 Sup. Ct. 838, 31 L. Ed. 736.

But paragraph 16 of the act of June 22, 1874, containing this provision, was repealed by section 29 of the act of June 10, 1890, c. 407, 26 Stats. 141, 1 Supp. Rev. Stats. U. S. 755 [U. S. Comp. Stats. 1901, p. 1897], and no similar provision was enacted in place thereof, so that, however harsh the present law may appear to be, it nevertheless is the law now in force, and fully sustains the ruling of the court in refusing the instruction requested by claimant.

The record disclosing no error, the judgment of the lower court is affirmed.

Kent, C. J., and Sloan, J., concur.